**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RAUL HERNANDEZ,<br><br>             Plaintiff,<br><br>    v.<br><br>COUNTY OF RIVERSIDE et al.,<br><br>            Defendants. | Case No. EDCV 21-0108-DSF (JPR)<br><br>ORDER DISMISSING ACTION FOR FAILURE TO PROSECUTE AND FAILURE TO STATE A CLAIM |

    Plaintiff filed this civil-rights action in January 2021. The Magistrate Judge dismissed it with leave to amend for failure to state a claim. Instead of filing an amended complaint, he appealed to the Ninth Circuit, which eventually dismissed his appeal because there was no final order to appeal from. The Magistrate Judge then ordered Plaintiff to file an amended complaint complying with the earlier dismissal order, and he again filed another document instead, a request "to submit briefs without oral argument." His deadline to file an amended complaint was June 14 and he still has not done so or requested an extension of time.

    Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (per curiam), examined when it is appropriate to dismiss a pro se

1

plaintiff's lawsuit for failure to prosecute.  See also Link v. Wabash R.R., 370 U.S. 626, 629-30 (1962) ("The power to invoke [dismissal] is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts.").  A court must consider "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits[;] and (5) the availability of less drastic sanctions."  Carey, 856 F.2d at 1440. Unreasonable delay creates a rebuttable presumption of prejudice to the defendant that can be overcome only with an affirmative showing of just cause by the plaintiff.  See In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994).

Here, the first, second, third, and fifth Carey factors militate in favor of dismissal.  In particular, Plaintiff has offered no explanation for his failure to file an amended complaint fixing the deficiencies identified by the Magistrate Judge.  Thus, he has not rebutted the presumption of prejudice to Defendants.  No less drastic sanction is available, as the Complaint fails to state a claim and cannot be ordered served, and Plaintiff is unable or unwilling to comply with the Court's instructions for fixing his allegations.  Because none of his claims can be ordered served, the Court is unable to manage its docket.  Although the fourth Carey factor weighs against dismissal — as it always does — together the other factors outweigh the public's interest in disposing of the case on its merits.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1261-63 (9th Cir.

1992) (as amended) (upholding dismissal of pro se civil-rights action for failure to timely file amended complaint remedying deficiencies in caption); <u>Baskett v. Quinn</u>, 225 F. App'x 639, 640 (9th Cir. 2007) (upholding dismissal of pro se civil-rights action for failure to state claim or timely file amended complaint).

**ORDER**

Accordingly, this action is dismissed for failure to prosecute and failure to state a claim.[1]

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: July 7, 2021

DALE S. FISCHER
U.S. DISTRICT JUDGE

Presented by:

Jean Rosenbluth
U.S. Magistrate Judge

---

[1] The Court has read and accepts the Magistrate Judge's April 1, 2021 dismissal order.